IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| APPLIED UNDERWRITERS CAPTIVE RISK ASSURANCE COMPANY, INC., an Iowa Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>RAMESH PITAMBER & KUSUM PITAMBER, a California Partnership; 11269 POINT EAST INVESTMENTS, LLC, a California Limited Liability Company; AMBA INVESTMENTS, LLC, a California Limited Liability Company; AP HERITAGE LAKE FOREST, LLC, a California Limited Liability Company; ATHARWA INVESTMENTS, LLC, a California Limited Liability Company; EMERALD INVESTMENTS, INC., a California Corporation; GOLD COUNTRY INVESTMENTS, INC., a California Corporation; HERITAGE INN EXPRESS ROSEVILLE, LLC, a California Limited Liability Company; HERITAGE LA MESA INVESTMENTS, LLC, a California Limited Liability Company; HERITAGE TRADING, INC., a California Corporation; IMPERIAL HERITAGE, LLC, a California Limited Liability Company; KRIPALU INVESTMENTS, LLC, a California Limited Liability Company; PITAMBER IRREVOCABLE FAMILY TRUST, a Trust; RAMESH PITAMBER, KUSUM PITAMBER, JAYA RATANJEE AND SARDA RATANJEE, a California Partnership; R & P PROPERTIES, INC., a California Corporation; RANCHO INVESTMENTS, INC., a California Corporation; SIDDHI VINAYAK INVESTMENTS, LLC, a California Limited Liability Company; and SPORTS ARENA INVESTMENTS, LLC, a California Limited Liability Company;<br><br>Defendants. | 8:17CV61<br><br>**ORDER** |

This matter is before the Court on Defendants/Third-Party Plaintiffs' ("Defendants") Motion for Leave to File Third Amended Answer, Counterclaim, and Cross-Claim ([Filing No. 98](#)). The motion will be granted.

## BACKGROUND

This action was filed in the District Court of Douglas County, Nebraska on January 20, 2017 and removed to this Court on February 27, 2017. ([Filing No. 1](#).) This case generally involves allegations of breach of a Reinsurance Participation Agreement ("RPA") executed between the parties. Under the RPA, Plaintiff provided workers' compensation insurance coverage for Defendants. The RPA contains a choice of law provision providing that the contract is governed by Nebraska law.

Defendants filed an Answer and Counterclaim on March 6, 2017 ([Filing No. 21](#)). The Court entered an initial progression order on April 6, 2017, which provided that motions to amend pleadings shall be filed no later than July 7, 2017. ([Filing No. 45](#).) Defendants filed an amended answer and counterclaim on July 6, 2017. ([Filing No. 53](#).)

Upon motion by Defendants, the Court entered an amended progression order on October 18, 2017, setting the matter for a non-jury trial to commence October 15, 2018. ([Filing No. 62](#).) On April 25, 2018, upon motion by Defendants, the Court entered a second amended progression order moving the trial date to March 11, 2019. ([Filing No. 72](#).) Defendants filed an unopposed motion to continue deadlines on July 17, 2018, which was granted. Accordingly, the Court entered a third-amended progression order on July 24, 2018, setting trial for June 3, 2019. ([Filing No. 78](#).)

Defendants filed an unopposed motion for leave to add parties and file a second amended answer on August 14, 2018, which was granted. (Filing No. 82.) On August 15, 2018, Defendants filed their Second Amended Answer, Counterclaim, and Cross-Claim, adding California Insurance Company and Applied Underwriters, Inc. as Third-Party Defendants. ([Filing No. 83](#).)

An unopposed motion to stay the case pending mediation was filed on November 1, 2018. (Filing No. 86). All progression deadlines were stayed at that time, and the pretrial conference and trial were canceled. Mediation was unsuccessful and the Court entered a fourth amended progression order on December 14, 2018, setting the trial for October 28, 2019. (Filing No. 88.)

Defendants filed the instant Motion for Leave to File Third Amended Answer, Counterclaim, and Cross-Claim on April 3, 2019. (Filing No. 98.)

**DISCUSSION**

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation omitted). Also, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 497 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Id*.

Defendants seek to file a Third Amended Answer, Counterclaim, and Cross-Claim to raise causes of action and remedies that arise under California law. Defendants contend that amendment is necessary due to the Nebraska Court of Appeals' recent decision in *Applied Underwriters v. E.M. Pizza*, 26 Neb. App. 906, 923 N.W.2d 789 (2019). Defendants contend that the decision in *E.M. Pizza* indicates that California's workers' compensation laws apply in this action. *Id*. at 916, 923 N.W.2d at 798 ("It has been held by courts in both Nebraska and California that the RPA is inextricably intertwined with the underlying insurance contract; thus, California's workers' compensation laws will likely govern the RPA").

Plaintiff argues, however, that Defendants unduly delayed in bringing their motion.[1] Plaintiff contends that the Nebraska Court of Appeals' decision in *E.M. Pizza* has not changed Nebraska law because prior to *E.M. Pizza*, there were cases in existence supporting Defendants' position that California law would govern. Plaintiff points to [Applied Underwriters, Inc. v. Dinyari, Inc., No. A-07-058, 2008 WL 2231114 (Neb. Ct. App. 2008)](), in which the Nebraska Court of Appeals indicated in a non-published opinion that California law would apply. However, because *Dinyari* is a non-published opinion of the Nebraska Court of Appeals, it does not have precedential value. *See* [Neb. Ct. R. § 2-102(E)(4)-(5)](). *See also* [U.S.Ct. of App. 8th Cir. Rule 32.1A]() ("Unpublished opinions are decisions a court designates for unpublished status. They are not precedent"). Plaintiff also notes that *E.M. Pizza* was decided on February 12, 2019, but Defendants waited until April 3, 2019 to seek leave to amend. As further evidence of Defendants' purported lack of diligence, Plaintiff notes the numerous deadline extensions that have previously been granted in this case.[2]

Having considered the matter, the Court finds Defendants have shown good cause to file an amended pleading out of time. The *E.M. Pizza* decision arguably provides the strongest support for Defendants' position regarding applicable state law. Although the Nebraska Court of Appeals issued the *E.M. Pizza* decision in February, the Nebraska Supreme Court only denied the petition for further review on April 10, 2019. Thus, the timing of Defendants' motion does not show any lack of diligence. Further, Plaintiff has not shown that it will be prejudiced by the proposed amendment. Trial is not set to commence until October 28, 2019.

Accordingly,

---

[1] It is not entirely clear if Plaintiff contends that Defendants' proposed amendment would be futile. However, to the extent Plaintiff is making such an argument, it is rejected. The issue of which state's laws govern should not be decided through a motion to amend. *See* [Becker v. Univ. of Neb., 191 F.3d 904, 908 (8th Cir. 1999)]() ("Likelihood of success on the new claim or defenses is not a consideration for denying leave to amend unless the claim is clearly frivolous"); [American Aerial Services, Inc v. Terex USA, LLC, No. 2:12-CV-00361, 2013 WL 1898541, at *1 (D. Me. May 7, 2013)]() ("[A] motion to amend is not a proper vehicle for this Court to resolve an open question of state law").

[2] It appears, however, that some of the deadline extensions are actually attributable to Plaintiff's lack of responsiveness in matters pertaining to discovery. ([Filing No. 102-1]().)

4

**IT IS ORDERED:**

1. Defendants' Motion for Leave to File Third Amended Answer, Counterclaim, and Cross-Claim ([Filing No. 98](#)) is granted. Defendants shall file their amended pleading by May 6, 2019.

2. Plaintiff's Motion to Strike Defendants and Third-Party Plaintiffs' Reply and Declaration of Jeanette Stull ([Filing No. 103](#)) is denied as moot.

Dated this 2nd day of May, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge