IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| APPLIED UNDERWRITERS CAPTIVE RISK ASSURANCE COMPANY, INC., An Iowa Corporation,<br><br>Plaintiff and counter defendant,<br><br>vs.<br><br>RAMESH PITAMBER & KUSUM PITAMBER, A California Partnership, et al.,<br><br>Defendants, counterclaimants, and third-party plaintiffs,<br><br>vs.<br><br>CALIFORNIA INSURANCE COMPANY, a California Corporation, and APPLIED UNDERWRITERS, INC., a Nebraska Corporation,<br><br>Third-party defendants. | 8:17-CV-61<br><br><br><br><br><br>ORDER |

Before the Court are the plaintiff's motion (filing 137) to dismiss several of the defendants' counterclaims pursuant to Fed. R. Civ. P. 12(b)(6), and the defendants' motion (filing 153) for leave to file an amended answer pursuant to Fed. R. Civ. P. 15(a)(2). The Court will grant the motion for leave to file an

amended answer, and deny the motion to dismiss as moot.[1]

The defendants initially asserted two counterclaims against the plaintiff. *See* filing 21. But in their third amended answer (filed over objection) they asserted several more. *See* filing 109. So, the plaintiff moved to dismiss all but one of them. Filing 137; *see* filing 138. Among other things, the plaintiff argues that the defendants' counterclaims are conclusory, aren't legally recognized claims, and fail to include the specific allegations necessary to provide notice consistent with Fed. R. Civ. P. 8. *See* filing 138.

In response, the defendants filed their motion for leave to file a fourth amended answer (filing 151). The reason for another amended answer, the defendants say, is that because the plaintiff argues the counterclaims were insufficiently detailed, the defendants should be allowed to amend their counterclaims to incorporate all the information they currently have. Filing 153. The Court agrees.

The problem the Court faces is inefficiency. The standards for the plaintiff's Rule 12(b)(6) motion are well-understood: To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when it contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. While the Court

---

[1] The Court recognizes that procedurally, there are counterclaims and third-party claims here, and that the defendants are also counterclaimants and third-party plaintiffs, and that two of the third-party defendants aren't also plaintiffs. But so far as the Court can tell, there are really just two sides to this case, each asserting claims against the other—so, except where the procedural details matter, for the sake of simplicity the Court will just refer to the "plaintiff" and "defendants" and their "claims" and "counterclaims."

must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678.

The standards for allowing an amended pleading are also familiar: The Court should freely give leave to amend a pleading when justice so requires. Rule 15(a)(2); *see Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016). But parties do not have an absolute right to amend their pleadings, even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008); *see Sorace v. United States*, 788 F.3d 758, 767 (8th Cir. 2015). And futility is a valid basis for denying leave to amend. *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 589 (8th Cir. 2018), *cert. denied,* 139 S. Ct. 941 (2019). Specifically, futility means the Court has reached the legal conclusion that the amended pleading could not withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 589.

In other words, both motions before the Court ask essentially the same questions, but about different pleadings. Now, it's not uncommon for a court to face both a motion to dismiss and a motion for leave to amend—but usually, the Court rules on the motion to dismiss and, upon dismissing some claims, is asked to decide whether a proposed amended pleading remedies the deficiencies that led to the dismissal. It doesn't make a lot of sense to do both at the same time.

It's also recognized by the Federal Rules of Civil Procedure that a common and appropriate response to a motion to dismiss is for the pleader to amend the pleading to (hopefully) fix the problem. *See* Rule 15(a)(1)(B). Here, the defendants can't amend their pleading as of right, because they've already

used their one amendment "as a matter of course." *See* Rule 15(a). But the same principle applies. The defendants asserted several new counterclaims in their third amended complaint. *Compare* filing 109, *with* filing 83. The plaintiff did argue that the defendants had unduly delayed in asserting them—but the Magistrate Judge decided otherwise, *see* filing 106, and the plaintiff did not object to that ruling. The Court concludes that "justice so requires" the defendants, as the pleading parties, to have at least one opportunity to plead over the arguments raised by the plaintiff's motion to dismiss.

And, more importantly, the Court finds that judicial efficiency is served by doing so. Rather than decide whether the defendants *did* state a claim, and then decide separately whether the defendants *could* state a claim, it makes far more sense to skip to the end by permitting the defendants' amended pleading and then determining whether it is sufficient. This case is already growing whiskers, and while restarting with an amended pleading and a responsive pleading or motion might set case progression back a few days in the short term, it will be more efficient in the long term. Accordingly,

1. The defendants' amended motion for leave to file a fourth amended answer (filing 153) is granted.

2. The defendants' superseded motion for leave to amend (filing 151) is denied as moot.

3. The plaintiff's motion to dismiss (filing 137) is denied as moot.

4. The defendants' fourth amended answer shall be filed on or before July 12, 2019.

5.  The plaintiff's responsive pleading or motion shall be filed on or before July 26, 2019.

Dated this 10th day of July, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge